An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-391

NORTH CAROLINA COURT OF APPEALS

Filed: 21 October 2014

STATE OF NORTH CAROLINA

v.

MITCHELL LAMONT ROBINSON

Mecklenburg County
No. 11 CRS 203106

Appeal by defendant from judgment entered 12 July 2013 by Judge Eric L. Levinson in Mecklenburg County Superior Court. Heard in the Court of Appeals 22 September 2014.

*Attorney General Roy Cooper, by Special Deputy Attorney General Amy L. Bircher, for the State.*

*Michael E. Casterline for defendant-appellant.*

McCULLOUGH, Judge.

Defendant was indicted on charges of assault with a deadly weapon and possession of a firearm by a felon. The prosecutor subsequently voluntarily dismissed the former charge and elected to proceed solely on the latter charge of possession of a firearm by a felon. A jury found defendant guilty of the charge. Defendant appeals from a judgment imposing a sentence of a minimum term of 18 months and a maximum term of 22 months.

The State presented evidence tending to show that on 19 January 2011 officers of the Charlotte Mecklenburg Police Department ("CMPD"), in response to a dispatch, met Mr. Eric Brown at a store. Mr. Brown, who was in a wheelchair, requested assistance in removing items from a residence he shared with defendant. The officers followed Mr. Brown to the residence a short distance away and knocked on the door. Defendant opened the door and the officers explained why they were there. The officers observed that defendant had a scratch on his face. They also saw a female seated on the couch. The woman had scratches on her face and a bloody lip. She also was holding her wrist.

Defendant initially agreed only to allow Mr. Brown to enter and retrieve his belongings, but after the officers informed defendant that they needed to enter the residence to check on the female, defendant stepped back and allowed the officers to enter. As the officers were checking on the female, they heard loud screaming. The officers ran to a bedroom and found Mr. Brown on the floor. Fearing defendant was about to assault Mr. Brown, Officer David Koonce-Marrero drew his gun and Officer Bryan Crum drew his taser on defendant and called for backup. Defendant retreated and walked out.

The officers decided to arrest defendant. Officer Crum noticed a small round hole in a bedroom wall and asked defendant whether he had any guns in the house. Defendant, who stipulated at trial that he was a convicted felon, responded that he was not allowed to have any guns.

After the woman was taken to the hospital by ambulance and the house was empty of people, Officer Crum obtained and executed a warrant to search the residence. He discovered a Ruger 9 millimeter pistol with a live round in the chamber and an empty magazine in the attic which was accessible through a ceiling panel in the closet of a bedroom where defendant's social security card and a recreational center identification card in defendant's name were found. Investigator Kharyn Nyx of the CMPD, who assisted with the search, photographed the firearm and magazine in the attic space, placed the gun in a bag, brought it back to police headquarters, prepared a property sheet for the evidence, and turned it over to property control.

Angela Flanders, a crime scene investigator with CMPD, testified that she collected buccal swabs from defendant, placed them in a package, sealed the package, and turned the package over to property control. Eve Rossi, a criminalist specializing in forensic biology, testified that she compared DNA collected

from defendant's buccal swabs with DNA collected from swabs of the gun taken by a person who is no longer employed with CMPD, and determined that the major or dominant DNA profile which was found on the gun matched defendant's DNA profile.

Defendant contends the court erred by admitting the opinion testimony of Ms. Rossi concerning her analysis of the DNA material found on the gun. He argues admission of the evidence violated his right to confront the witnesses against him because the person who swabbed the gun was not available to testify and be cross examined. He also argues the evidence was not properly authenticated inasmuch as a complete chain of custody was not established since the person who swabbed the gun did not testify and verify that the tested swab was the same she took from the gun.

In admitting the opinion testimony of the analyst, the trial judge remarked that the case of *State v. Ortiz-Zape*, 367 N.C. 1, 743 S.E.2d 156 (2013), *cert. denied*, ___ U.S. ___, ___ L.E. 2d ___, 2014 U.S. LEXIS 3730 (2014) could not be "meaningfully distinguished" with the situation at bar. Defendant Ortiz-Zape argued the court's admission of opinion testimony of an analyst who did not personally test or observe the testing of a controlled substance violated his right to

confront the witnesses against him. Our Supreme Court rejected this argument, noting that "when an expert gives an opinion, the opinion is the substantive evidence and the expert is the witness whom the defendant has the right to confront." *Id.* at 12, 743 S.E.2d at 163.

We agree with the trial judge's assessment that the circumstances of this case are not materially distinguishable. Here, as in *Ortiz-Zape*, the witness who gave the opinion was available to be cross examined. The fact the person who swabbed the gun was unavailable to testify provided fodder for cross examination of the witness.

As for defendant's argument that the evidence was not properly authenticated, it is a general principle that a "requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." N.C. Gen. Stat. § 8C-1, Rule 901(a) (2013). "The item offered must be identified as being the same object involved in the incident and it must be shown that the object has undergone no material change." *State v. Campbell*, 311 N.C. 386, 388, 317 S.E.2d 391, 392 (1984). "[D]etermining the standard of certainty that is required to show" that the item is

the same and in an unchanged condition is within the discretion of the trial judge. *Id.* at 388-89, 317 S.E.2d at 392. "Although a defendant may point to gaps or flaws in the chain of custody or procedure, a showing that the evidence was tampered with or altered is generally required for a reversal of the trial court's decision to admit the evidence." *State v. Hyman*, 153 N.C. App. 396, 400, 570 S.E.2d 745, 748 (2002), *cert. denied*, 357 N.C. 253, 583 S.E.2d 41 (2003). Defendant has not made this showing.

We hold defendant received a fair trial, free of prejudicial error.

No error

Judges CALABRIA and GEER concur.

Report per Rule 30(e).